From Homer L. Kreider, Harrisburg, Pa.

## Taxation for School Purposes.

SCHNADER, Attorney General, March 23, 1931.—We have your request to be advised whether occupations may lawfully be included as property in determining the total assessed valuation upon which depend the borrowing capacities of school districts of the third and fourth classes.

By section 506 of the Act of April 11, 1929, P. L. 497, school directors are authorized to create and incur indebtedness, or increase indebtedness, and issue bonds therefor, subject to the limitation that the total indebtedness shall not exceed seven per centum "upon the assessed value of the taxable property for school purposes therein."

The question, therefore, is whether occupations are taxable property for school purposes in school districts of the third and fourth classes.

Section 540 of the School Code of·May 18, 1911, P. L. 309, provided that in all school districts of the third and fourth classes the school taxes should be levied and assessed "upon all the property upon which the county taxes are levied and assessed." The section was amended by the Act of April 26, 1923, P. L. 102. The amendment provides that in districts of the third class which are coextensive with cities of the third class, the school taxes should be levied and assessed on "the real estate and personal property therein as contained in the assessment made for city tax purposes." No change was made from the original provisions of the section in regard to other school districts of the third class or districts of the fourth class.

Cities of the third class and counties may tax occupations: Act of April 29, 1844, P. L. 486, section 32; Act of May 13, 1925, P. L. 649.

Section 541 of the School Code of 1911 provided that:

"In order to enable the board of school directors in each school district of the third or fourth class in this Commonwealth to assess and levy the necessary school taxes required by such district each year, the county commissioners in each county shall, on or before the first day of April in each year, at the expense of the county, furnish to each school district of the third or fourth class therein, for its use, to be retained by it, a properly certified duplicate of the last adjusted valuation of all real estate, personal property, and occupations made taxable for county purposes in such school district, stating the name of each taxable, and the valuation, description, and kind of property or occupation assessed, all of which real estate, personal property, and occupations are hereby made taxable for school purposes in each school district of the third or fourth class."

It is evident that under these statutory provisions occupations were taxable for school purposes in third and fourth class districts.

In Brown's Appeal, 111 Pa. 72, the Supreme Court held that occupations were taxable property, and, as such, were properly included in calculating the limits of the borrowing capacity of a county.

If the statutory provisions we have cited stood alone, under Brown's Appeal the assessed values of occupations would properly be included in determining the limits of the borrowing capacity of the school districts in question. But there are other statutory provisions which must be considered.

By section three of the Act of May 11, 1921, P. L. 508, section 541 of the School Code was amended to read as follows:

"In order to enable the board of school directors in each district of the third or fourth class in this Commonwealth to assess and levy the necessary school taxes required by such district each year, the county commissioners in each county shall, on or before the first day of April in each year, at the expense of the county, furnish to each school district of the third or fourth class therein for its use, to be retained by it, a properly certified duplicate of the last adjusted valuation of all real estate, personal property, and *residents or inhabitants* made taxable for county purposes in such school district, stating the name of each taxable, and the valuation, description, and kind of property, and a list of the residents or inhabitants assessed; all of which real estate, personal property, and residents or inhabitants are hereby made taxable for school purposes in each school district of the third or fourth class."

By this amendment all reference to a tax on occupations was eliminated, and a *per capita* tax was created in its place. Section 542 of the code, as originally enacted, had imposed on each adult male resident, "in addition to any tax he may pay on any real estate or other property," an annual "occupation tax of at least one dollar." This section was amended by the Act of

532

July 17, 1919, P. L. 997. In that amendment the tax was designated only as "a tax," and the requirement that it be paid "in addition to any other tax" was omitted. The Act of 1921 again amended section 542 and expressly designated the tax as a *per capita* tax.

The other provisions of the Act of 1921 indicated clearly that its purpose was to complete the elimination of the occupation tax for school purposes in these districts and to substitute the *per capita* tax in its place.

It is our opinion that since the passage of the Act of May 11, 1921, P. L. 508, occupations have not been taxable for school purposes in school districts of the third and fourth classes. Consequently, their assessed value may not be included in determining the limits of the borrowing capacity of these districts.

Therefore, we advise you that the assessed value of occupations may not be included in the total assessed valuation upon which the borrowing capacity of third and fourth class school districts is determined.

From C. P. Addams, Harrisburg, Pa.